UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20739-CR-Middlebrooks/Garber

UNITED STATES OF AMERICA,

v.

TOBIAS SHINGLES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks.  Pursuant to such reference, the Court has received the defendant Shingles' Motion to Suppress Search of Defendant's Residence [DE 394] and the government's response in opposition [DE 416].  A hearing on said Motion was held on February 27, 2012. The defendant appeared with his attorney of record, Albert Z. Levin, Esquire, and the government was represented by Assistant United States Attorney Cynthia R. Wood.

## FACTUAL BACKGROUND

Based on a judicially authorized interception of telephone conversations targeting the cellular telephone of one Corphrey Gregory, an existing investigation based upon alleged illicit narcotics continued.  During the course of the monitoring of such telephone calls, law enforcement overheard conversations between Gregory and the defendant Shingles.  Such conversations revealed that a person named "BeeBee," later identified as Tobias Shingles, was discussing narcotics transactions. "BeeBee" had asked Gregory for a "baby" which law enforcement recognized, based on their training

and experience, as being one half ounce of cocaine or crack cocaine. Law enforcement was able to ascertain his address and that he had a criminal history of narcotics convictions.

A monitored conversation that took place on November 10, 2010, revealed that Shingles was attempting to acquire narcotics from Gregory, who stated that he had narcotics available. Shingles told Gregory that he would remain at his home and Gregory said that he would be there. Additional monitored calls show that Gregory was proceeding to Shingles' residence. Based on such information, law enforcement officers went to the area near Shingles' residence. They thereafter observed Gregory arriving at Shingles' residence in a black GMC Yukon SUV. Shingles was seen approaching Gregory's vehicle and reaching inside of the driver's side window. After removing his hand Gregory then left the area.

Law enforcement officers approached Shingles in front of his residence and told him that they had received a complaint about a male displaying a handgun. Shingles explained that he did not have a gun and permitted the officers to search him. Such search revealed that the defendant had a clear plastic baggie in his right front pocket which appeared to be, and later confirmed to be, marijuana. Shingles told the officers, in response to their question, that he lived in Apartment 4 at 730 N.W. 4th Avenue in Ft. Lauderdale, and Detective Joshua Mijal of the Ft. Lauderdale Police Department, and others, walked to his apartment. In response to a knock on the door, a black male appeared and advised that he was a visitor. Detective Mijal testified that while standing outside the front door of the defendant's apartment he observed a handgun sitting on an entertainment center positioned on the wall on the left side of the room. Detective Todd Hill testified that he was at the front door when Detective Mijal observed the weapon in plain view. The black male was directed to step outside and he did so and was patted down to determine if he had a weapon, which he did not.

Both detectives entered the residence and Detective Hill, although being unable to see the weapon from outside because he was standing behind Detective Mijal, testified that he then observed the weapon on top of the entertainment center. He later observed a plastic baggie located on the entertainment center and it appeared to be and was later confirmed to be crack cocaine.

The detectives testified that since the wire tap was ongoing and if its existence was revealed, their investigation could be compromised. Consequently, the defendant was not arrested at that time. However, the weapon and narcotics were seized to prevent the possibility of their being removed by the defendant or others and thus unavailable as evidence in future proceedings.

Conversations subsequently monitored contained a statement by Shingles that "I'm glad they didn't find that sawed off."

## DISCUSSION

The defendant, in his Motion to Suppress, claims that: (1) his initial contact with law enforcement occurred about 50 to 75 yards from his residence; (2) the search of his residence was without his consent and/or without a warrant, thus making the seizure of the weapon unlawful; and, (3) the search of his residence cannot be deemed incidental to his arrest. The defendant does not prevail on any of these issues.

The defendant's conversations intercepted on the wiretap, the officers' observance of the weapon in plain view, knowing that the defendant had a criminal history of narcotics convictions, all gave rise to probable cause and constituted exigent circumstances to justify the entry into the home and seizure of the weapon without the necessity of arresting the defendant. Failing to seize the weapon and other contraband presented a likely possibility that such weapon would be removed and the contraband destroyed.

Traditionally, "searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York,* 445 U.S. 573,586 (1980). However, where both probable cause and exigent circumstances exist, a warrantless search is allowed. *U.S. v. Tobin*, 923 F. 2d 1506,1510 (11th Cir. 1991). Here, the weapon was in plain view from a location where law enforcement was permitted to be. Pursuant to the plain view doctrine, police may lawfully seize contraband if (1) the object is viewed from a location where the police have a right to be; (2) the incriminating character of such evidence is immediately apparent; and (3) police have a lawful right to access the place where the object is located. *United States v. Murat*,08-20479-CR, 2008 WL 4394788, at*11 (S.D. Fla. Sept.26,2008). Such requirements have been satisfied in this cause.

A case decided by the Eleventh Circuit is similar to the cause *sub judice*. In *U.S. v. Rodgers*, 924 F.2d 219 (11th Cir. 1991), the defendant was arrested in his front yard outside of his trailer. An officer approached the front door and noticed two guns lying on the couch inside the trailer. The officer entered the trailer and seized the guns since he was aware that Rodgers was a convicted felon and was not allowed to possess any firearms. Since the officer observed the guns in plain view while standing at a place where he had a right to be, the Court ruled that the plain view doctrine allowed the officers to seize such contraband. The facts in *Rodgers* persuaded the Court to determine that both probable cause and exigent circumstances had been shown, thus authorizing the search and seizure.

Exigent circumstances in this cause existed since the weapon and other contraband, if not seized, presented a strong possibility that such evidence would be removed or destroyed. Shingles was obviously aware that he was the subject of law enforcement activity and could have removed

4

or destroyed the weapon and other contraband during the time law enforcement sought a search warrant.

*United States v. Smalls*, 617 F. Supp.2d 1240 (S.D. Fla. 2008) further strengthens the government's position.  In *Smalls,* the defendant voluntarily opened his door and police saw marijuana and a scale in plain view.  They were viewed from a location where the police had a right to be and the incriminating nature of the evidence was "immediately apparent." Finally, the police entry was permissible due to exigent circumstances, for if the police then left to secure a search warrant, a strong probability existed that the evidence would be lost or destroyed.  Such facts are clearly present in this cause.

In considering the testimony presented by the government at the hearing, the Court finds the testimony of the law enforcement officers to be highly credible.  Although there are discrepancies as to the distance of the defendant's apartment from the location where the defendant was first met by the officers, such discrepancies are irrelevant due to the Court's finding of the existence of probable cause and exigent circumstances justifying the search and seizure.

## CONCLUSION AND RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record,  consideration of the submissions of the parties, and testimony and evidence presented by the government, the undersigned respectfully

RECOMMENDS that the defendant Shingles' Motion to Suppress Search of Defendant's Residence be DENIED.

The parties may file written objections, if any, on or before seven days from the date of this Report and Recommendation with United States District Judge Donald M. Middlebrooks. Failure

to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 2nd day of March, 2012.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE